NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 11-4299

UNITED STATES OF AMERICA,
Appellee

v.

NINO JAVIER ORTEGA,
Appellant

———————————

Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 2-09-cr-00584-001)
District Judge: Hon. Katharine S. Hayden

Submitted pursuant to Third Circuit LAR 34.1(a)
Monday, September 24, 2012

———————————

Before: McKEE, Chief Judge, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: January 11, 2013)

———————————

OPINION

———————————

McKEE, Chief Judge

Nino Javier Ortega pled guilty to conspiracy to distribute and possess with intent to

distribute at least five kilograms of cocaine in violation of 21 U.S.C. § 846. He was

sentenced to 100-months imprisonment. He now appeals that sentence. He argues that

he was entitled to a two-level reduction for his minor role in the conspiracy. For the reasons that follow, we will affirm.

## I.

As we write primarily for the parties, who are familiar with the facts and procedural history of this case, we will set forth only those facts necessary to our analysis.

The plea agreement reserved the right for Ortega and the Government to argue whether Ortega was a "minor participant" within the meaning of the United States Sentencing Guidelines § 3B1.2(b).[1]

At his sentencing hearing, Ortega claimed that he was entitled to the two-level reduction because he merely assisted in transporting drugs and that many of his co-conspirators were more culpable than him. In opposition, the Government stressed that Ortega made five cross-country trips to deliver over 150 kilograms of cocaine to New Jersey, returned to California to deliver the cash generated by the sales of that cocaine, and continued to engage in this drug-trafficking even after he was questioned by a DEA agent during one of those trips.

After hearing oral argument, the District Court denied Ortega's request for a minor role reduction. The court did, however, grant a downward variance based on the factors

---

[1] The Mitigating Role Sentencing Guideline states:
   Based on the defendant's role in the offense, decrease the offense level as follows:
   (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
U.S. SENTENCING GUIDELINES MANUAL § 3B1.2(b) (2011).

2

set forth in 18 U.S.S.C. § 3553(a). The resulting prison term of 100 months was 33 months below the bottom of the advisory Guidelines range. This appeal followed.

**II.**

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

The Guidelines' mitigating role adjustments "provide a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." § 3B1.2, cmt. n.3(A). While a minimal participant is "plainly among the least culpable of those involved in the conduct of a group," a minor participant is one "less culpable than most other participants . . . whose role could not be described as minimal." *Id.* at cmt. n.4-5.

Whether a defendant's conduct merits a minor role adjustment is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." *Id.* at cmt. n.3(C). Accordingly, "district courts are allowed broad discretion in applying this section, and their rulings are left largely undisturbed by the courts of appeal." *United States v. Isaza-Zapata*, 148 F.3d 236, 238 (3d Cir. 1998). The party arguing for a sentence adjustment bears the burden of proof on this point. *See United States v. Price*, 13 F.3d 711, 735 (3d Cir. 1994) (citing *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989)).

A lower court's factual determination regarding the minor role adjustment is subject to review for clear error. *Id.* A review conducted under the "clearly erroneous"

3

standard is "significantly deferential." *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 633 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### III.

Ortega argues that the District Court clearly erred in concluding that his participation was less than that of his co-conspirators and, therefore, a minor-role reduction is warranted.

When determining the propriety of a minor role reduction in the context of a large-scale drug operation, "[t]he fact that a defendant's participation in a drug operation was limited to that of courier is not alone indicative of a minor or minimal role." *United States v. Headley*, 923 F.2d 1079, 1084 (3d Cir. 1991) (citation omitted). In *Headley*, we clarified that it is not the defendant's particular task within a drug operation that determines whether a minor role reduction is warranted. Rather, we focus on "such factors as the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *Id.* (quoting *United States v. Garcia*, 920 F.2d 153 (2d Cir. 1990)).

Here, the District Court relied on the undisputed facts set forth in the Presentence

4

Report to conclude that, although Ortega's role in the drug conspiracy was less than many of his co-conspirators, his actions in furtherance of the conspiracy were key to its success. The court reasoned that Ortega's actions of transporting drugs and money, as well as operating the secret compartment used to store the drugs in the truck, were integral to the success of the venture. Thus, the Court concluded that Ortega had not met his burden of establishing that he was entitled to a minor role reduction. The record clearly supports that conclusion.

**III.**

For the reasons set forth above, we will affirm the judgment of the District Court.